**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000219**
**12-JUN-2025**
**07:51 AM**
**Dkt. 64 SO**

NO. CAAP-22-0000219


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-NC5,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-NC5,
Plaintiff-Appellee,
v.
MICHAEL C. MAHER; AMY K. MAHER,
Defendants-Appellants,
and
ASSOCIATION OF APARTMENT OWNERS PU'U WAI MELE;
NEW CENTURY MORTGAGE CORPORATION,
Defendants-Appellees,
and
JOHN and MARY DOES 1-20; DOE PARTNERSHIPS, CORPORATIONS or OTHER
ENTITIES 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CC18100004K)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

This foreclosure appeal challenges the plaintiff's standing to enforce a note (**Note**). We vacate and remand.

Defendants-Appellants Michael C. Maher and Amy K. Maher (collectively, **the Mahers**) appeal from the Circuit Court of the Third Circuit's (**Circuit Court**)[1] August 9, 2021 "Judgment" and "Findings of Fact; Conclusions of Law; Order Granting [Plaintiff-Appellee Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-NC5, Mortgage Pass-Through Certificates, Series 2006-NC5 (**DB**)]'s Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties Filed April 1, 2020" (**Order Granting Summary Judgment**). The Mahers' first and third points of error challenge standing based on evidentiary insufficiency, and the second point challenges the admissibility of DB's loan servicer's records.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve this appeal as follows.

On January 9, 2018, DB filed a Complaint to foreclose the Mahers' mortgage after the Mahers defaulted on their mortgage payments.

On April 1, 2020, DB moved for summary judgment, which the Mahers opposed. The Circuit Court entered the Order Granting Summary Judgment and the Judgment, from which the Mahers appealed.

---

[1]     The Honorable Robert D.S. Kim presided.

2

The relevant evidence of standing consisted of the declaration of Maria Soberon (**Soberon Declaration**), a "Document Control Officer" for DB's loan servicer and agent, Select Portfolio Servicing, Inc. (**SPS**), along with an "SPS business record" attached as Exhibit "4." The Soberon Declaration at paragraph 12 stated the following with regard to possession of the Note:

> 12. According to SPS's business records, [DB], through SPS, has possession of the [N]ote in this instant action ("Note"), which has been duly endorsed, and was in possession of the Note at the time of the filing of the complaint. Therefore, [DB] has the right to enforce the Note. A true and correct copy of the SPS business record is attached as Exhibit "4" and made a part of this Declaration by reference. SPS relied on this record to show that it remained in possession of the Note since at least November 12, 2015, when it confirmed it possessed it.

Exhibit "4" consisted of an nine-page printout of screenshots marked "Document Control Data" at the top with a website address at the bottom of each page; a "Document Tracking" section, reflecting two entries for "Location of Note" as "Requested" and "Completed" on "10/20/2014" and "11/12/2015"; a "Collateral Located" section, reflecting "Comments" with a "10/20/2014" entry stating "[o]riginal note located at [SPS], Inc. 3815 South West Temple SLC UT 84115"; and another "Collateral Located" section, reflecting "Comments" with a "11/12/2015" entry again stating "[o]riginal note located at [SPS], Inc." with the same address.

On appeal, the Mahers argue that, assuming arguendo DB's documentary evidence was admissible, the evidence failed to prove DB or its agent "had possession of the Note on the date it filed the Complaint[.]" The Mahers claim the Soberon Declaration only showed possession as of November 12, 2015, "which was over two years from the date that the Complaint was filed[,]" and failed to "explain[] where the Note was" between

3

November 12, 2015 and January 9, 2018, when the Complaint was filed.  The Mahers contend that under Deutsche Bank Nat'l Tr. Co. as Tr. for Morgan Stanley ABS Cap. I Inc. Tr. 2006-NC4 v. Yata, 152 Hawaiʻi 322, 526 P.3d 299 (2023), a certification regarding possession of the Note that predated the filing date of the complaint of "anything more than nine months" "was insufficient," and the time period here was "a gap of over 26 months."

DB responds that "[u]nder the standards set in *Verhagen* and *Yata*,[2] the Soberon Declaration and the Document Tracking business record [(Exhibit "4")] together are sufficient to establish possession of the Note on the date the complaint was filed on January 9, 2018."  (Footnote added.)  DB argues that its evidence showed the Note was in SPS's possession with its location confirmed on October 20, 2014 and November 12, 2015; "[t]here are no other entries indicating the Note ever moved"; and thus, the Soberon Declaration "confirms that SPS had possession of the Note at the time the complaint was filed."[3]

---

[2]    In U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen, 149 Hawaiʻi 315, 328 n.10, 489 P.3d 419, 432 n.10 (2021), the Hawaiʻi Supreme Court concluded that U.S. Bank established possession of the note on the day the complaint was filed where the certification "predate[d] the filing of the complaint by less than two months."  In Yata, the certification deemed insufficient in that case was "nearly nine months before the [c]omplaint was filed."  152 Hawaiʻi at 336, 526 P.3d at 313.

[3]    To support its argument, DB quotes from State v. Forman, 125 Hawaiʻi 417, 424, 263 P.3d 127, 134 (App. 2011), that "if a business record designed to note every transaction of a particular kind contains no notation of such a transaction between specified dates, no such transaction occurred between those dates."  (Cleaned up.)  DB's reliance on Forman is unpersuasive.  Forman dealt with the admissibility of the absence of a contract for a moped rental from a business record, and the trustworthiness of such evidence of absence under the business records exception, in a criminal prosecution for unauthorized use of a moped.  Id. at 422-26, 263 P.3d at 132-36.  As such, Forman is inapposite.  This case involves the sufficiency of evidence to establish the location of a note at a certain point in time, where Hawaiʻi foreclosure law, as set forth infra, requires such evidence to establish standing at the time the suit was initiated.  An

4

We review the grant of summary judgment de novo.  U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 30, 398 P.3d 615, 619 (2017).  To establish standing, "a foreclosing plaintiff must necessarily prove its entitlement to enforce the note as it is the default on the note that gives rise to the action."  Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 368, 390 P.3d 1248, 1255 (2017) (citation omitted).  This means "a foreclosing plaintiff must establish its standing to bring a lawsuit at the commencement of the proceeding[.]"  Yata, 152 Hawaiʻi at 335, 526 P.3d at 312 (quoting Verhagen, 149 Hawaiʻi at 327, 489 P.3d at 431).  The foreclosing plaintiff may establish it is the holder of the note by showing its agent physically possessed it.  See Verhagen, 149 Hawaiʻi at 327-28, 489 P.3d at 431-32.

The relevant portion of the "McCloskey Declaration" found insufficient to establish standing in Yata stated:

> 14.  At the time the foreclosure [c]omplaint was filed on September 10, 2014, Deutsche Bank, through its custodian Deutsche Bank National Trust Company, was in possession of the Note.  The Note was kept by the custodian at 1761 E. St. Andrew Place, Santa Ana, CA 92705 on behalf of Deutsche Bank.  The original date of possession of the Note by the custodian was April 4, 2006.  The Note had been returned to the custodian on December 27, 2013.  The custodian maintained possession of the Note until May 8, 2015.  A true and correct copy of the documentation supporting Note possession at the time of the filing of the Complaint is attached hereto as Exhibit "2".

152 Hawaiʻi at 328, 526 P.3d at 305 (brackets omitted).

The Yata court held that where the certification of the note possession predated the filing of the complaint "by nearly nine months," and where the McCloskey Declaration and exhibit supporting note possession did "not explain where the screenshots came from or how to interpret the screenshots[,]"

_____

inference of continued possession based on the absence of evidence that the Note had moved in the "26 months" before the Complaint was filed, does not comply with this requirement.

such evidence "did not establish Deutsche Bank's possession of the [n]ote before or after it filed the [c]omplaint[.]" Id. at 336, 526 P.3d at 313.

Here, DB's certification of the Note possession consisted of the Soberon Declaration, which was significantly less detailed than the McCloskey Declaration deemed insufficient in Yata. The Soberon Declaration also suffers the same infirmity as the Yata declaration because it does not explain how to interpret the screenshots in Exhibit "4." There is no explanation as to how the screenshot showing a "Requested" and "Completed" "Location of Note" on November 12, 2015, establishes the required possession as of the January 9, 2018 Complaint filing date. See Wells Fargo Bank, N.A., as Tr. for Certificateholders of Soundview Home Loan Tr. 2007-OPT1, Asset-Backed Certificates, Series 2007-OPT1 v. Flores, No. CAAP-22-0000736, 2025 WL 662791, at *3 (Haw. App. Feb. 28, 2025) (SDO) (concluding that standing was established where the declaration explained the term "Location Move" as referencing "a change in the physical storage location" of the note within Wells Fargo's or its agent's control, in response to Flores's claim that the two "Location Move" entries meant the Note was not in Wells Fargo's possession during the time period between the dates of those entries). The Soberon Declaration's statement that the "11/12/2015" entry showing the Note location with SPS proved that SBS had possession of the endorsed Note "and was in possession of the Note at the time of the filing of the [C]omplaint" is also conclusory in its claim of continued possession spanning the "26 months" until the filing of the Complaint. See U.S. Bank, N.A., Tr. to Lasalle Bank Nat'l Ass'n v. Davis, No. CAAP-20-0000027, 2023 WL 4264970, at *2 (Haw. App. June 29, 2023) (SDO) (rejecting loan servicer's officer's

6

declaration relying on an "unclear and unexplained" printout that "merely allude[d] to U.S. Bank's counsel possessing the [n]ote on March 9, 2015, and SPS possessing the [n]ote on March 13, 2015, nearly two years before the January 26, 2017 [c]omplaint"; and holding that the declaration's "vague testimony" of possession at the time of the complaint and at the time of her declaration was "conclusory" and "fail[ed] to identify which entity possessed the [n]ote at which point in time").

In Flores, supra, we held that standing was established where the "Activity Report" for Flores's loan "confirmed Wells Fargo's physical possession of the [n]ote from February 14, 2007 until August 8, 2014[,]" which "included the date, August 20, 2013, on which the [c]omplaint was filed." 2025 WL 662791, at *3. In this case, however, there was no evidence of two separate dates of confirmed possession that encompassed the filing date of the Complaint. Here, assuming arguendo DB's evidence was admissible, DB established two dates for possession of the Note -- "10/20/2014" and "11/12/2015" -- which were two to three years prior to the filing of the Complaint. The November 12, 2015 evidence of Note possession predated the filing of the Complaint in this case by approximately "26 months," beyond the two years deemed insufficient in Davis, and way beyond the nine months rejected in Yata.

On this record, the evidence was insufficient to establish the required possession as of January 9, 2018, when the Complaint was filed, and the grant of summary judgment was erroneous. See Mattos, 140 Hawai'i at 30, 398 P.3d at 619. In light of our conclusion that DB failed to establish its standing

7

to sue for foreclosure, we need not reach the remaining point of error.

For the foregoing reasons, we vacate the Circuit Court's August 9, 2021 Judgment and Order Granting Summary Judgment, and we remand to the Circuit Court for further proceedings.

DATED:  Honolulu, Hawai'i, June 12, 2025.

On the briefs:

Keith M. Kiuchi,
for Defendants-Appellants.

Lisa K. Swartzfager,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge